## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THOMAS A. ADAIR,
4702 Vail
Corpus Christi, TX 78413,

JACK W. BERNHARD,
22 Sapphire Drive
Key West, FL 33040,

RAFAEL CLASS,
#13 Parque
La Arboleda
Aguadilla, PR 00603,

WILLIAM W. CONSTANT,
4612 Armadillo Street
Middleburg, FL 32068,

NICHOLAS J. CUNEO,
3384 Beulah Vista Court
Fleming Island, FL 32003,

JON DANGLE,
2008 Aspen Way
Guthrie, OK 73044,

DEBORA D. HALL,
1568 Glen View Street
Middleburg, FL 32068,

MARK A. ILLANAS,
12260 E. Barbary Coast
Tucson, AZ 85749,

BRIAN KOZLENCER,
703 49th Avenue South
Grand Forks, ND 58201,

DAVID R. KLUCINA,
1620 Shelter Cove Drive
Fleming Island, FL 32003,

Civil Action No. 13-1093

COMPLAINT

ANTONIO V. MARTÍNEZ,
23862 Buttercup Drive
Murrieta, CA 92562,

JAMES T. MASON,
6259 FM 3088
Sandia, TX 78383,

ERIK MODISETT,
P.O. Box 163
Hammond, LA 70404,

JOSUE E. MORENO,
32690 Sussex Stakes Street
Menifee, CA 92584,

JORDON REIF,
2394 Heidi Drive
Oxford, MI 48370,

BRADFORD A. RUBINOFF,
3869 W. Cortaro Farms Rd. #113
Tucson, AZ 85742,

JAIRO A. SANCHEZ,
619 Calle Pedro Alarcon
Mansiones de Espana
Mayaguez, PR 00682,

DAVID J. SOREL,
5230 Oso Hills Drive
Corpus Christi, TX 78413

CHRIS STEIN,
3142 Azores Drive
Corpus Christi, TX 78418,

KENNETH J. SZILLUS,
308 Alexander Drive
Hammond, LA 70401,

PAUL J. WAEGHE, JR. ,
2668 Loopridge Drive
Orange Park, FL 32065,

ALEXANDER L. ZAMORA,
4617 S. Cornwall Drive
Tucson, AZ 85730,

ROBERT ZAVALA,
2005 W. Yarnell Street
West Covina, CA 91790,

        Plaintiffs,

    v.

BUREAU OF CUSTOMS AND BORDER
PROTECTION,
Department of Homeland Security
1300 Pennsylvania Avenue, NW
Washington, DC 20229, and

THE UNITED STATES OF AMERICA,
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001,

        Defendants.

## COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT

### I.  INTRODUCTION

1.  Plaintiffs, by their undersigned counsel, file this civil action to recover from Defendants back pay, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA"), and other applicable laws.

### II.  JURISDICTION

2.  This Court has jurisdiction over this civil action pursuant to: (1) 28 U.S.C. § 1331, in that the matters in controversy arise under the Constitution and laws of the United States; (2)

28 U.S.C. § 1337, in that the matters in controversy arise under an Act of Congress regulating

commerce; and (3) 29 U.S.C. § 216(b), in that this is an action to recover unpaid overtime

compensation and liquidated damages.

3.       Further, this Court has jurisdiction to issue declaratory judgments and other relief

sought herein under 28 U.S.C. §§ 2201 and 2202, in that actual controversies exist between the

Plaintiffs and Defendants regarding actions and failures to act by Defendants under the FLSA

and otherwise.

## III.  VENUE

4.       Venue is proper in this district under 28 U.S.C. § 1391, since this is a civil action

in which Defendants United States and the Bureau of Customs and Border Protection ("CBP")

and agents thereof have acted in an official capacity and under color of legal authority.  CBP is

headquartered in the District of Columbia, and a substantial portion of the events and/or

omissions giving rise to the claims herein occurred in this District.

## IV.  THE PARTIES AND DEFINITIONS

5.       Defendants are employers within the meaning of the FLSA.

6.       Plaintiffs are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

7.       Attached to this Complaint are Plaintiffs' signed individual consent forms, in

which they consent to be claimants in this lawsuit brought on their behalf and on behalf of other

persons against the United States asserting their rights under the FLSA.

8.       Plaintiffs, who are identified individually in Paragraphs 17 through 63 below,

allege that they have suffered legal and economic wrongs because of Defendants' actions and

have been adversely affected and aggrieved thereby regarding their rights under the FLSA.

## V. **GENERAL ALLEGATIONS**

9.     The Plaintiffs have been employed by Defendants United States and CBP as Air

Enforcement Agents, Aviation Operations Analysts, Detection Enforcement Officers,

Enforcement Aviation Specialists, and Flight Engineering Maintenance and Equipment

Specialists.

10.     Defendants and their officers and agencies are responsible under the United States

Constitution and federal law and regulations for the establishment and administration of

personnel, employment, and compensation policies and practices and for applying to the

Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes

and regulations.

11.     As a result of the actions of Defendants and their agents, Plaintiffs have suffered

legal wrongs and economic injuries under the FLSA and are adversely affected and aggrieved

thereby.

12.     As is more fully set forth below, Defendants and their officers and agencies

willfully have violated, and continue willfully to violate, the provisions of the FLSA by wrong-

fully and willfully failing and refusing to provide the Plaintiffs with pay and benefits due them

under the FLSA and implementing regulations.

13.     Defendants have erroneously considered each of the Plaintiffs "FLSA exempt"

and have not accorded them the rights and compensation to which FLSA non-exempt employees

of Defendants are entitled.

14.     Under the FLSA and the regulations of the Office of Personnel Management

("OPM"), Plaintiffs are presumed to be FLSA non-exempt, and Defendants carry the burden of

demonstrating that Plaintiffs are and have been exempt. 5 C.F.R. § 551.202.

15.     On information and belief, Defendants also failed to compensate the following Plaintiffs properly for travel time during periods when they were considered non-exempt from the FLSA.

16.     Plaintiffs repeatedly challenged their exempt status through verbal discussions and e-mail communications with their supervisors and with pay administrators of Defendants from at least 2009 to present to no avail.

## VI.  THE PLAINTIFFS AND THEIR INDIVIDUAL CLAIMS

### A.  Aviation Operations Analyst

### 1.  Jack W. Bernhard

17.     Jack W. Bernhard is a plaintiff herein. He resides at 22 Sapphire Drive, Key West, Florida 33040.

18.     Plaintiff Bernhard is currently an Aviation Operations Analyst (GS-1801-13) in Key West, Florida.

### 2.  Debora D. Hall

19.     Debora D. Hall is a plaintiff herein. She resides at 1568 Glen View Street, Middleburg, Florida 32068.

20.     Plaintiff Hall is currently an Aviation Operations Analyst (GS-1801-13) in Jacksonville, Florida, and she is scheduled to become an Air Enforcement Agent (GS-1801-13) in the near future.

### 3.  Mark A. Illanas

21.     Mark A. Illanas is a plaintiff herein. He resides at 12260 E. Barbary Coast, Tucson, Arizona 85749.

22.     Plaintiff Illanas is currently an Aviation Operations Analyst (GS-1801-13) in Tucson, Arizona.

**4.  Brian Kozlencer**

23.     Brian Kozlencer is a plaintiff herein. He resides at 703 49th Avenue South, Grand Forks, North Dakota 58201.

24.     Plaintiff Kozlencer is currently an Aviation Operations Analyst (GS-1801-13) in Grand Forks, North Dakota.

**5.  Erik Modisett**

25.     Erik Modisett is a plaintiff herein. He resides at P.O. Box 163, Hammond, Louisiana 70404.

26.     Plaintiff Modisett is currently an Aviation Operations Analyst (GS-1801-13) in New Orleans, Louisiana.

**6.  Jordon Reif**

27.     Jordon Reif is a plaintiff herein. He resides at 2394 Heidi Drive, Oxford, Michigan 48370.

28.     Plaintiff Reif is currently an Aviation Operations Analyst (GS-1801-13) in Great Lakes, Michigan.

**7.  Alexander L. Zamora**

29.     Alexander L. Zamora is a plaintiff herein. He resides at 4617 S. Cornwall Drive, Tucson, Arizona 85730.

30.     Plaintiff Zamora is currently an Aviation Operations Analyst (GS-1801-13) in Tucson, Arizona.

**B.  Air Enforcement Agent**

**8.  Rafael Class**

31.     Rafael Class is a plaintiff herein. He resides at #13 Parque, La Arboleda,

Aguadilla, Puerto Rico 00603.

32.     Plaintiff Class is currently an Air Enforcement Agent (GS-1801-13) in Puerto

Rico, and he has worked as an Aviation Operations Analyst (GS-1801-13) in Puerto Rico within

the last three years.

**9.  Bradford A. Rubinoff**

33.     Bradford A. Rubinoff is a plaintiff herein. He resides at 3869 W. Cortaro Farms

Road #113, Tucson, Arizona 85742.

34.     Plaintiff Rubinoff is currently an Air Enforcement Agent (GS-1801-13) in

Tucson, Arizona, and he has also worked as an Aviation Operations Analyst (GS-1801-13) in

Tucson, Arizona within the last three years.

**10. Jairo A. Sanchez**

35.     Jairo A. Sanchez is a plaintiff herein. He resides at 619 Calle Pedro Alarcon,

Mansiones de Espana, Mayaguez, Puerto Rico 00682.

36.     Plaintiff Sanchez is currently an Air Enforcement Agent (GS-1801-13) in Puerto

Rico, and he has worked as an Aviation Operations Analyst (GS-1801-13) in Puerto Rico within

the last three years.

37.     On April 15, 2013, Plaintiff Sanchez filed a claim for unpaid compensation under

the FLSA with the U.S. Office of Personnel Management ("OPM"), and he has not received a

response from OPM to date.

**11. Kenneth J. Szillus**

38.     Kenneth J. Szillus is a plaintiff herein. He resides at 308 Alexander Drive, Hammond, Louisiana 70401.

39.     Plaintiff Szillus is currently an Air Enforcement Agent (GS-1801-12) in New Orleans, Louisiana, a position in which he is classified as FLSA nonexempt, but he seeks unpaid compensation under the FLSA while working as an Aviation Operations Analyst (GS-1801-13) in Jacksonville, Florida within the last three years.

**C. Enforcement Aviation Specialist**

**12. Jon Dangle**

40.     Jon Dangle is a plaintiff herein. He resides at 2008 Aspen Way, Guthrie, Oklahoma 73044.

41.     Plaintiff Dangle is currently an Enforcement Aviation Specialist (GS-1801-13) in Oklahoma City, Oklahoma.

**13. Antonio V. Martínez**

42.     Antonio V. Martínez is a plaintiff herein. He resides at 23862 Buttercup Drive, Murrieta, California 92562.

43.     Plaintiff Martínez is currently an Enforcement Aviation Specialist (GS-1801-13) in Riverside, California.

**14. Josue E. Moreno**

44.     Josue E. Moreno is a plaintiff herein. He resides at 32690 Sussex Stakes Street, Menifee, CA 92584.

45.     Plaintiff Moreno is currently an Enforcement Aviation Specialist (GS-1801-13) in Riverside, California.

**15. Robert Zavala**

46.    Robert Zavala is a plaintiff herein. He resides at 2005 W. Yarnell Street, West Covina, CA 91790.

47.    Plaintiff Zavala is currently an Enforcement Aviation Specialist (GS-1801-13) in Riverside, California, and he has worked as an Aviation Enforcement Officer in Tucson, Arizona within the last three years.

**C.  Detection Enforcement Officer**

**16. Thomas A. Adair**

48.    Thomas A. Adair is a plaintiff herein. He resides at 4702 Vail, Corpus Christi, Texas 78413.

49.    Plaintiff Adair is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Corpus Christi, Texas.

**17. William W. Constant**

50.    William W. Constant is a plaintiff herein. He resides at 4612 Armadillo Street, Middleburg, Florida 32068.

51.    Plaintiff Constant is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Cocoa Beach, Florida, and he has worked as a Sr. Detection Enforcement Officer (GS-1801-13) in Jacksonville, Florida within the last three years.

**18. Nicholas J. Cuneo**

52.    Nicholas J. Cuneo is a plaintiff herein. He resides at 3384 Beulah Vista Court, Fleming Island, Florida 32003.

53.    Plaintiff Cuneo is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Jacksonville, Florida.

**19. James T. Mason**

54.     James T. Mason is a plaintiff herein. He resides at 6259 FM 3088, Sandia, Texas 78383.

55.     Plaintiff Mason is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Corpus Christi, Texas.

**20. Chris Stein**

56.     Chris Stein is a plaintiff herein. He resides at 3142 Azores Drive, Corpus Christi, Texas 78418.

57.     Plaintiff Stein is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Corpus Christi, Texas.

**D.   Flight Engineering Maintenance and Equipment Specialist**

**21. David R. Klucina**

58.     David R. Klucina is a plaintiff herein. He resides at 1620 Shelter Cove Drive, Fleming Island, Florida 32003.

59.     Plaintiff Klucina is currently a Flight Engineering Maintenance and Equipment Specialist (GS-1601-13) in Jacksonville, Florida.

**22. David J. Sorel**

60.     David J. Sorel is a plaintiff herein. He resides at 5230 Oso Hills Drive, Corpus Christi, Texas 78413.

61.     Plaintiff Sorel is currently an Air Enforcement Agent (GS-1801-09) but is seeking unpaid compensation owed to him when he worked as a Flight Engineering Maintenance and Equipment Specialist (GS-1601-13) in Corpus Christi, Texas, within the last three years.

**23. Paul J. Waeghe, Jr.**

62.     Paul J. Waeghe, Jr. is a plaintiff herein. He resides at 2668 Loopridge Drive, Orange Park, Florida 32065.

63.     Plaintiff Waeghe is currently a Flight Engineering Maintenance and Equipment Specialist (GS-1601-13) in Jacksonville, Florida.

## VII.  <u>COUNT ONE</u>

### (Failure Properly to Compensate Plaintiffs for Overtime Under the FLSA)

64.     Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 63 above.

65.     Defendants have wrongfully and willfully denied Plaintiffs coverage under the FLSA and have wrongfully and willfully withheld overtime compensation due Plaintiffs by failing and refusing to pay them in accordance with the FLSA for hours worked in excess of forty each week.  Plaintiffs worked overtime hours known as Administratively Uncontrollable Overtime, 5 U.S.C. 5545(c)(2), for which they were not paid correctly pursuant to the FLSA. Such overtime hours include but are not limited to hours during which Defendants and their officers and agents directed and/or suffered or permitted Plaintiffs to work without paying them any compensation whatsoever, including travel, training and other work performed by Plaintiffs on Defendants' behalf.

## VIII.   <u>COUNT TWO</u>

### (Request for Back Pay, Liquidated Damages, Interest, Attorney's Fees and Costs)

66.     Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 65 above.

67.     As a result of the wrongful and willful violations of law by Defendants and their officers and agencies as alleged in the claims specified above, there is due and owing to Plaintiffs various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

68.     Employment, time, work, pay, leave and other records relating to Plaintiffs are in the possession, control, and custody of Defendants and their officers and agencies, and Plaintiffs are unable to state at this time the exact amounts of pay, benefits, liquidated damages, and interest which are due and owing to them with respect to their individual claims.  Defendants and their officers and agencies are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability may be determined.

WHEREFORE, Plaintiffs prays that this Court:

(a)     With respect to all Plaintiffs currently classified by Defendants as exempt from the FLSA, issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiffs have been and are being employed by Defendants in an FLSA nonexempt capacity but have been denied such status willfully by Defendants;

(b)     With respect to all plaintiffs who are currently classified by Defendants as nonexempt from the FLSA but have been classified by Defendants as exempt from the FLSA within the last three years, issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that he has in the past been employed by Defendants in an FLSA nonexempt capacity but has been denied such status willfully by Defendants;

(c)     Order Defendants, subject to rules and regulations to be established by this Court that conform with FLSA, to conduct a full, complete and accurate accounting of all back

overtime, premium and other pay, leave, holiday, and excused and other paid-absence compensation, and benefits, interest, and liquidated damages equal to such back pay due and owing to Plaintiffs as is sought herein from 2010 to a date which is not more than 30 days before the date on which the judgment herein is paid;

(d)     Award Plaintiffs such back pay, premium pay, liquidated damages and interest under the FLSA and the Back Pay Act, 5 U.S.C. § 5596, from the date of the denial of such pay and entitlements retroactive for three years prior to the filing of this complaint until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by Defendants under applicable federal laws and regulations; and

(e)     Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendants under the FLSA, the Back Pay Act, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and

(f)     Grant to Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Edgar James**
Edgar James - D.C. Bar No. 333013
Jeff Vockrodt – D.C. Bar No. 985635
Tanya Senanayake*
James & Hoffman, P.C.
1130 Connecticut Ave., NW, Suite 950
Washington, D.C. 20036
(202) 496-0500
ejames@jamhoff.com
jvockrodt@jamhoff.com
tdsenanayake@jamhoff.com

Linda Lipsett - D.C. Bar No. 383671
Bernstein & Lipsett
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
chouse@bernstein-lipsett.com

Attorneys for Plaintiffs

Dated:  July 16, 2013

* *Application for admission pro hac vice forthcoming*

15