**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THOMAS ADAIR, et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **BUREAU OF CUSTOMS AND BORDER PROTECTION, et al.**, <br><br> Defendants. | Case No. 13-cv-01093 (CRC) |

**MEMORANDUM OPINION AND ORDER**

Forty-five employees of the Office of Air and Marine in the Bureau of Customs and Border Protection[1] claim that their positions have been misclassified as "administrative," improperly exempting them from protections of the Fair Labor Standards Act ("FLSA"). They contend that they are entitled to, but have been denied, overtime compensation under the Act and now bring suit against the United States for back pay and liquidated damages. Plaintiffs do not waive any FLSA claims exceeding $10,000. Because exclusive jurisdiction to hear those claims rests with the Court of Federal Claims, this Court lacks subject-matter jurisdiction over them. It will therefore deny both sides' motions for summary judgment without prejudice. Rather than dismiss the case outright, however, the interest of justice requires that the Court transfer this matter to the Court of Federal Claims.

---

[1] The Bureau's Office of Air and Marine was recently renamed Air and Marine Operations.

**I.     Background**

    A.    <u>Procedural Background</u>

In July 2013, an initial set of plaintiffs filed a complaint in this Court charging the United States with violating the FLSA by erroneously exempting them from the Act's overtime-pay requirements. They subsequently amended their complaint three times, adding additional plaintiffs who were also employed in the Office of Air and Marine. Discovery commenced in February 2014. Nine months later, before the close of discovery, Plaintiffs moved the Court to transfer this matter to the Court of Federal Claims. <u>See</u> Pls.' Mot. Transfer, ECF No. 35. They asserted that they did "not waive recovery in excess of $10,000," argued that the Court of Federal Claims "ha[d] exclusive jurisdiction over [their] claims," and urged this Court to transfer the case pursuant to its authority under 28 U.S.C. § 1631 ("Transfer to cure want of jurisdiction"). <u>Id.</u> at 1–2. Defendants opposed this motion, contending that the Supreme Court's opinion in <u>United States v. Bormes</u>, 133 S. Ct. 12 (2012), upended precedent from multiple circuits (including the D.C. Circuit) holding that only the Court of Federal Claims has jurisdiction in this circumstance. Defs.' Opp'n Pls.' Mot. Transfer, ECF No. 36, at 4. Plaintiffs then withdrew their motion to transfer. <u>See</u> ECF No. 37. The parties proceeded to complete discovery and brief summary judgment on the merits of Plaintiffs' claims. These cross-motions for summary judgment are ripe, and the Court is now squarely faced with the question of whether it has subject-matter jurisdiction over those claims.

Anticipating this question, the Court directed the parties to submit supplemental briefing on the jurisdictional issue. In response, Plaintiffs readopted the arguments they advanced in their motion to transfer and reiterated their view that the Court of Federal Claims has exclusive jurisdiction "over [FLSA] claims, like those asserted here, against the United States exceeding

$10,000." Pls.' Suppl. Br. 1. They also emphasized that the Court of Federal Claims possesses "unique expertise in adjudicating FLSA claims against the federal government." Id. Defendants still maintain that this Court has jurisdiction over the matter. See Defs.' Not., ECF No. 67.

### B.   Statutory Background

The Tucker Act grants the Court of Federal Claims "jurisdiction over a nontort monetary claim 'against the United States founded . . . upon . . . any Act of Congress.'" Abbey v. United States, 745 F.3d 1363, 1368–69 (Fed. Cir. 2014) (quoting 28 U.S.C. § 1491(a)(1)). Courts have long held, "since soon after the FLSA was extended to the federal government by the Fair Labor Standards Amendments Act of 1974, . . . [that] the Tucker Act applies to a claim against the government under the monetary-damages provision of the FLSA, 29 U.S.C. § 216(b)." Id. at 1369.

The Tucker Act's statutory scheme differs somewhat depending on the amount of the claim. Specifically, the "'Little Tucker Act' grants United States district courts concurrent jurisdiction with the United States Court of Federal Claims over civil actions or claims against the United States not exceeding $10,000 in amount," Waters v. Rumsfeld, 320 F.3d 265, 270 (D.C. Cir. 2003) (internal quotation mark omitted) (quoting 28 U.S.C. § 1346(a)(2)), whereas, generally speaking, "[u]nder the (Big) Tucker Act, claims 'exceeding the $10,000 jurisdictional ceiling . . . are within the exclusive jurisdiction of the Court of Claims,'" id. (quoting Goble v. Marsh, 684 F.2d 12, 15 (D.C. Cir. 1982)).

### II.   Standard of Review

This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).

If it finds that it lacks jurisdiction over a civil action, the Court may, in the interest of justice, transfer that action to another court where it could have been brought at the time it was filed. 28 U.S.C. § 1631.  Otherwise, it must dismiss.

When "the existence of jurisdiction in the District Court depends on the plaintiff[s'] choice" to waive claims in excess of a certain threshold, the Court should give plaintiffs "an opportunity to amend their complaints to effect an adequate waiver" before transferring the action.  Goble, 684 F.2d at 17.  This requirement follows from 28 U.S.C. § 1653, which allows "[d]efective allegations of jurisdiction [to] be amended, upon terms, in the trial or appellate courts."  See Goble, 684 F.2d at 17.  If plaintiffs do not choose to effect such a waiver, and the Court lacks jurisdiction as a result, the Court may then transfer the matter to the appropriate court.

### III.   Analysis

The D.C. Circuit has held that "the Court of Federal Claims has exclusive jurisdiction to adjudicate" all "FLSA claims in excess of $10,000."  Waters, 320 F.3d at 272.  Unless plaintiffs waive their claims in excess of $10,000, "the district court [is] without jurisdiction to rule on their merits."  Id.  This view has long prevailed in other circuits as well.  See, e.g., Parker v. King, 935 F.2d 1174, 1177 (11th Cir. 1991); Graham v. Henegar, 640 F.2d 732, 734 (5th Cir. 1981).  The government contends, however, that a recent Supreme Court case (analyzing a different statute) necessarily dooms the "30-year-old, multi-circuit, apparently unbroken precedent" that exclusive jurisdiction over FLSA claims exceeding $10,000 lies in the Court of Federal Claims.  Abbey, 745 F.3d at 1369 (citing, e.g., Waters, 320 F.3d at 270–72).

The case is United States v. Bormes, which considered whether the Little Tucker Act waives the United States' sovereign immunity against claims brought under the Fair Credit

4

Reporting Act ("FCRA"). Finding that it does not, the Court reasoned that "[t]he Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies. In that event, the [law's] specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute." Bormes, 133 S. Ct. at 18. The Supreme Court thus concluded that since the FCRA included "a detailed remedial scheme, only [that statute's] *own* text can determine whether the damages liability Congress crafted extends to the Federal Government." Id. at 19. As the government sees it, because the FLSA likewise provides a detailed remedial scheme, the Tucker Act does not apply here and jurisdiction is proper in this Court.

The government raises a colorable argument, but the Court is ultimately unpersuaded. As an initial matter, Bormes is not primarily on point—it does not directly overrule any precedent in this or any other circuit specifying which court(s) may properly exercise jurisdiction over FLSA claims against the government. Indeed, the Supreme Court analyzed the FCRA, not the FLSA, and it only decided the Tucker Act's role in the sovereign-immunity inquiry, not in the jurisdictional inquiry. The government's argument consequently would require this Court to conclude that the general principles articulated in Bormes override controlling D.C. Circuit precedent on the precise question at hand.

Moreover, the only circuit court to have considered the government's argument since Bormes—and the one most familiar with the Tucker Act—disagreed that Bormes "makes so great a change in analyzing Tucker Act jurisdiction that it requires overturning the longstanding . . . interpretation that the Tucker Act applies to FLSA damages cases against the United States, even though Bormes did not involve the FLSA." Abbey, 745 F.3d at 1369. In Abbey, the Federal Circuit considered the very same arguments the government advances here, found

5

significant distinctions between the FCRA and the FLSA, and held that Bormes did not disturb the settled precedent that exclusive jurisdiction over FLSA claims exceeding $10,000 lies in the Court of Federal Claims.  See generally id.; see also ElHelbawy v. Pritzker, No. 14-CV-01707-CBS, 2015 WL 5535246, at *13 (D. Colo. Sept. 21, 2015) (describing Abbey as holding that the Tucker Act gives the "Court of Federal Claims exclusive jurisdiction over FLSA claims seeking more than ten thousand dollars in damages"); Janoski v. United States, No. 13-272C, 2014 WL 1267010, at *1 (Fed. Cl. Mar. 26, 2014) (unpublished) ("[T]he Federal Circuit confirmed [in Abbey] the correctness of this Court's view, holding that the Tucker Act gives our court exclusive jurisdiction over FLSA claims seeking more than ten thousand dollars in damages."). Therefore, accepting the government's argument would not only require rejecting longstanding D.C. Circuit precedent; it would also require rejecting the view of the only circuit to have considered the matter post-Bormes.[2]

Finally, the Supreme Court's opinion in Bormes appears to this Court to be quite compatible with the rule that the Court of Federal Claims possesses exclusive jurisdiction over FLSA claims against the government exceeding $10,000.  In Bormes, the Supreme Court found that the Tucker Act plays no role when a plaintiff sues the United States for a violation of the FCRA, because the FCRA's remedial scheme was sufficiently complete to "supersede" the

---

[2] While no judge on this Court has yet directly addressed the impact of Bormes on FLSA/Tucker Act jurisprudence, a post-Bormes opinion by Judge Collyer implied that the Tucker Act applies to FLSA claims against the United States.  See Gonda v. Donahoe, 79 F. Supp. 3d 284, 305 (D.D.C. 2015).  A post-Bormes opinion from another Court explicitly reached the same conclusion.  See ElHelbawy, 2015 WL 5535246, at *13 ("Jurisdiction lies in the Court of Federal Claims for any FLSA claim exceeding $10,000, unless [the plaintiff] waives her right to recover anything in excess of that amount.").

Tucker Act as a basis for suing the United States.  The Court reached this determination, in part, because it found that the FCRA "gives jurisdiction to *identified* courts—including 'any appropriate United States district court,'—and hence 'precisely define[s] the appropriate forum.'"  Abbey, 745 F.3d at 1369 (alteration in original) (quoting 15 U.S.C. § 1681p; Bormes, 133 S. Ct. at 19).  That is, the FCRA "itself 'enables claimants to pursue in court the monetary relief contemplated by the statute' without any resort to the Tucker Act."  Id. at 1369–70.  As the Abbey court explained, however,

> [Bormes] and its rationale do not extend to . . . FLSA suit[s].  In sharp contrast to the statute at issue in Bormes, the FLSA contains no congressional specification of a non-Tucker Act forum for damages suits, or any other basis, from which one can infer that application of the Tucker Act would override choices about suing the government embodied in the remedial scheme of the statute providing the basis for liability.  That statute-specific conclusion takes this FLSA case outside the reach of the Bormes principle.

Id. at 1370.

The FLSA provides that "[a]n action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated," 29 U.S.C. § 216, but it provides no guidance as to which court is competent to exercise jurisdiction over those claims brought against the United States.  Its language "does not specify a forum that is contrary to that specified by the Tucker Act," which "differs critically from the Fair Credit Reporting Act."  Abbey, 745 F.3d at 1370.  Again, the Federal Circuit's analysis is persuasive:

> [G]iven that, in the FLSA, Congress plainly meant to subject the United States to damages suits for violations (a disputed point for the statute at issue in Bormes), the fairest reading of section 216(b) is that it affirmatively invokes the forum specification for those damages suits found outside the four corners of the FLSA.  The Tucker Act is the only available specification that has been identified.  Thus, not only does the FLSA embody no choices about remedy that might be impaired

7

by Tucker Act coverage; it is best read as affirmatively, if implicitly, invoking such coverage.

Id. at 1370.  In other words, the best reading of the FLSA is one that treats that statute as effectively incorporating the Tucker Act for purposes of determining what constitutes the "court of competent jurisdiction" in this situation.

This conclusion is only bolstered by the fact that Congress has acted repeatedly to amend the FLSA since 1981, yet has not seen fit to disturb the "consistent body" of FLSA-jurisdiction precedent that multiple circuits began to follow "soon after Congress extended the FLSA to authorize money suits against the United States for its violation."  Id. at 1371.  The Court thus finds that, although the government's argument is not without merit, Waters v. Rumsfeld is still good law in light of Bormes.  Because "the Court of Federal Claims has exclusive jurisdiction to adjudicate" all "FLSA claims in excess of $10,000," Waters, 320 F.3d at 272—and because these plaintiffs do not waive their claims in excess of $10,000, see Pls.' Mot. Transfer 1; Pls.' Suppl. Br. 1—this Court lacks jurisdiction to resolve the matter.  As a result, the Court will transfer this action to the Court of Federal Claims in the interest of justice pursuant to 28 U.S.C. § 1631.

### IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' [50] Motion for Summary Judgment be **DENIED** without prejudice.  It is further

**ORDERED** that [52] Plaintiffs' Sealed Motion for Partial Summary Judgment and [54] Cross-Motion for Summary Judgment be **DENIED** without prejudice.  It is further

**ORDERED** that this action be **TRANSFERRED** to the United States Court of Federal Claims.

**SO ORDERED**.

                                                                                            _____
                                                                                            CHRISTOPHER R. COOPER
                                                                                            United States District Judge

Date:   June 13, 2016